CAROLINE MEYER, Respondent, *v.* MARY MALLON, Appellant, Impleaded with Another.

*Motion to set aside a judgment — laches — proof as to service of the summons and complaint.*

A motion to set aside a judgment of foreclosure and sale and to permit a defendant to answer, made after a lapse of seventeen years, will be denied on the ground of gross *laches*.

The judgment roll in an action of foreclosure contained an affidavit of the personal service of the summons and complaint upon a defendant, made by the plaintiff's attorney who had since died.

*Held*, that this positive oath should outweigh the statement in such defendant's affidavit to the effect that, to the very best of her recollection, there was no summons and complaint served upon her.

APPEAL by the defendant, Mary Mallon, from an order of the Supreme Court, granted at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 8th day of December, 1894, denying the defendant's motion to

open, vacate and set aside the judgment of foreclosure and sale hereinbefore entered in this action.

*Norman A. Lawlor*, for the appellant.

*Martin J. Keogh*, for the respondent.

CULLEN, J.:

This is an appeal from an order of the Special Term denying the application of the defendant Mallon to set aside a judgment of foreclosure and sale and permit the defendant to answer.

We think the application was properly denied on the ground of the gross *laches* of the appellant. The judgment sought to be vacated was rendered on the 9th day of June, 1877. This application was not made until October, 1894, after a lapse of over seventeen years. The judgment roll contains an affidavit of personal service of the summons and complaint upon the appellant, made by the plaintiff's attorney who has since died. This positive oath should outweigh the statement in appellant's affidavit, which is simply to the effect that, to the very best of her recollection, there was not any summons and complaint served upon her. The judgment was, therefore, regular, and now, after it has stood for this long period and the sale made under it has remained unchallenged, should not be opened.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.